THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRIS EUGENE URDA and §<br>RACHEL URDA §<br>§<br>VS. §<br>VALMONT INDUSTRIES, INC., §<br>AMERICAN PILEDRIVING EQUIPMENT, §<br>INC., and NEW SOUTH ACCESS & §<br>ENVIRONMENTAL SOLUTIONS, L.L.C. § | CIVIL ACTION<br><br>NO. 18-1044-JWD-EWD |

## PLAINTIFFS' COMPREHENSIVE AMENDED, SUPPLEMENTED AND RESTATED COMPLAINT

Harris Eugene Urda, and Rachel Urda, husband and wife, as Plaintiffs, file this Amended and Restated Complaint against, Valmont Industries, Inc., American Piledriving Equipment, Inc. and New South Access & Environmental Solutions, L.L.C., Defendants, in compliance with the Notice and Order dated November 30, 2018 and for cause of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery in accordance with any Scheduling Order entered by this Court.

### PARTIES AND SERVICE

2.  Plaintiffs are a married couple, who were married at all times pertinent herein and are individuals who both are domiciled in the state of Louisiana and are citizens of the State of Louisiana.

3.  Upon information and belief Plaintiffs allege defendant, Valmont Industries, Inc.,is a corporation incorporated in the State of Delaware, whose principal place of business is located in the State of Nebraska and duly licensed to do business in the State of Louisiana and doing business

in the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

4.     Upon information and belief Plaintiffs allege defendant, American Piledriving Equipment, Inc., is a corporation incorporated in the State of Washington and whose principal place of business is the State of Washington and doing business in the state of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5.     Upon information and belief Plaintiffs allege defendant, New South Access & Environmental Solutions, L.L.C., is a limited liability company organized in the State of Mississippi, whose sole member is the Jones Companies, LLC, a limited liability company organized in the State of Mississippi, whose sole member, Jonathan Jones, is a domiciliary of the State of Mississippi, and is duly licensed to do business in the State of Louisiana and doing business in the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Therefore, this Court has subject matter jurisdiction to hear this civil action because of the amount in controversy and complete diversity of citizenship, as demonstrated above. Plaintiffs specifically reserve their right to amend this pleading for a certain amount in the future.

7. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Middle District of Louisiana.

**FACTS**

8. On or about January 4, 2018, Plaintiff, Harris Eugene Urda, was in the course and scope of his employment working with Aldridge Electric, Inc. at a construction site in Plaquemines, Louisiana. While performing duties assigned to him by his employer, Plaintiff, Harris Eugene Urda, sustained severe and permanent injuries. Specifically, Plaintiff, Harris Eugene Urda, was operating a crane which was involved in placing utility power poles in the ground. The poles were put in the ground by a vibratory hammer used in conjunction with the crane. When the hammering process began, the ears of the pole fell from the teeth of the hammer and struck the crane and Plaintiff, Harris Eugene Urda, causing severe injuries to him.

**NEGLIGENCE**

9. Plaintiff, Harris Eugene Urda, will further show that Defendants are liable to Plaintiff, Harris Eugene Urda, for failing to provide appropriate materials and equipment to perform the job safely. Specifically, Valmont Industries, upon information and belief, negligently provided power poles with galvanized ears. The galvanized material caused the connection between the ears and the teeth of the vibratory hammer to be compromised and caused the pole to fall. In addition, the negligent actions of American Piledriving Equipment in failing to provide an appropriate hammer and/or to warn of the propensity of the ears to fall from the hammer caused the incident in question.

10. Furthermore, Plaintiff, Harris Eugene Urda, would show that Defendant, New South Access & Environmental Solutions, failed to supply sufficient and appropriate mats to allow crew members

to safely position the safety equipment needed to secure the poles until they were placed firmly in the ground.

11.     Each of the above acts constitutes negligence on the part of Defendants, and was, a proximate cause of Plaintiff, Harris Eugene Urda, injuries and damages. Each of the aforementioned acts and omissions, whether taken singularly or in combination, and was a proximate cause of Plaintiff, Harris Eugene Urda, injures and damages.

12.     Defendants breached their legal duties by creating an unreasonable risk of harm to Plaintiff, Harris Eugene Urda, and others who work at said location. It was Defendants' breach of this duty and its failure to correct the danger it created which caused Plaintiffs' injuries. The actions of the Defendants are such that the Defendants should be found solidarily liable for the damages suffered by the Plaintiffs.

13.     Plaintiff, Harris Eugene Urda, would show that nothing he did, or failed to do, in any way contributed to this incident.

## PLAINTIFFS' INJURIES AND DAMAGES

14.     Plaintiff, Harris Eugene Urda, suffered severe bodily injuries as a result of the incident made the basis of this lawsuit. Plaintiff, Harris Eugene Urda, therefore, seeks the recovery of the following damages:

    a.     Past and future physical pain;

    b.     Past and future mental anguish;

    c.     Past and future physical impairment;

    d.     Past and future physical disfigurement;

    e.     Past loss of wages and household services;

      f.        Future lost wages and loss of earning capacity and household services; and

      g.        Past and future medical expenses.

15.    Plaintiff, Rachel Urda, has suffered loss of consortium, service and society and all other damages allowed to her under La. Civil Code Article 2315 and any other applicable provision of the laws of Louisiana, together with her interest in and to any of the Plaintiff's, Harris Eugene Urda's damages which comprise an asset of the community of acquets and gains existing between the Plaintiffs, all resulting from the injuries sustained by her husband, Harris Eugene Arda for which the Defendants are responsible.

## RECOVERY OF INTEREST

16.    Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein and Plaintiffs here and now sues specifically for recovery of pre-judgment and post-judgment interest as provided by law.

## PRAYER

        WHEREFORE, Plaintiffs, Harris Eugene Urda, and Rachel Urda pray that Defendants be cited to appear and answer this lawsuit, as amended and restated, that judgment be entered against Defendants, Valmont Industries, Inc., American Piledriving Equipment, Inc., and New South Access & Environmental Solutions, L.L.C. *in solido* that Plaintiffs recover their damages in accordance with the evidence, that Plaintiffs recover their costs of court, that Plaintiffs recover interest to which they are entitled under the law, and for all other just and equitable relief.

RESPECTFULLY SUBMITTED:

/s/ T. Taylor Townsend
T.Taylor Townsend, 20021
T. TAYLOR TOWNSEND, LLC
320 St. Denis Street
P. O. Box 784
Natchitoches, LA 71458-0784
Telephone (318) 238-3612
Fax (318) 238-6103
taylor@taylortownsedlaw.com

/s/Trey Morris
Morris, Dewett & Savoie, LLC
Trey Moriss, APLC (#28162)
btmorris@shreveportlaw.net
509 Milam Street
Shreveport, LA 71101
(318)221-1507 - Telephone
(318)221-4560 - Facsimile