**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HARRIS EUGENE URDA AND RACHEL URDA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1044-JWD-EWD** |
| **VALMONT INDUSTRIES, INC., AMERICAN PILEDRIVING EQUIPMENT, INC., AND NEW SOUTH ACCESS & ENVIRONMENTAL SOLUTIONS, L.L.C.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages asserted by Harris Eugene Urda ("Harris") and Rachel Urda ("Rachel") (collectively, "Plaintiffs") based upon the injuries allegedly sustained by Harris on January 4, 2018, at a construction site in Plaquemine, Louisiana, when Harris and the crane he was operating were struck by a falling utility power pole.[1] On November 26, 2018, Plaintiffs filed their Original Complaint ("Complaint") against Valmont Industries, Inc. ("Valmont"), American Piledriving Equipment, Inc. ("American"), and New South Access & Environmental Solutions, L.L.C. ("New South") (collectively, "Defendants") in this Court, wherein they allege that Defendants were negligent in failing to provide the appropriate materials and equipment to enable Harris to safely perform his job.[2] Plaintiffs allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3] However, Plaintiffs have not shown that complete diversity exists because all of Plaintiffs' citizenship allegations are deficient, as set forth below.

Paragraph two of the Complaint alleges that Plaintiffs are "a married couple…and are individuals who both reside in the state of Louisiana."[4] Paragraph three alleges that "Defendant,

---
[1] R. Doc. 1, ¶ 8.
[2] R. Doc. 1, ¶¶ 9-11.
[3] R. Doc. 1, ¶ 6.
[4] R. Doc. 1, ¶ 2.

Valmont Industries, Inc, is a foreign corporation duly licensed to do business in the State of Louisiana and doing business in the State of Louisiana…."[5] Paragraph four alleges that American Piledriving Equipment, Inc. is a foreign corporation doing business in the state (sic) of Louisiana…."[6] Finally, paragraph five alleges that "Defendant, New South Access & Environmental Solutions, L.L.C., is a foreign limited liability company duly licensed to do business in the State of Louisiana and doing business in the State of Louisiana…."[7]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. In the Complaint, Plaintiffs clearly state that their damages exceed $75,000, and therefore, it appears that the amount in controversy is likely met, particularly considering the nature of the incident giving rise to Harris's claims herein (*i.e.*, being hit by a falling utility pole).[8] However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to any party.

With respect to Plaintiffs, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

---

[5] R. Doc. 1, ¶ 3.
[6] R. Doc. 1, ¶ 4.
[7] R. Doc. 1, ¶ 5.
[8] R. Doc. 1, ¶ 6.

With respect to corporations Valmont and American, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to limited liability company New South, "[t]he citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly, Plaintiffs must properly identify (1) Plaintiffs' citizenships, *i.e.,* their domiciles, (2) corporations Valmont and American's citizenships, *i.e.*, principal places of business and places of incorporation, and (3) limited liability company New South's citizenship, *i.e.*, the citizenship of all of its members.

Although Defendants have not yet made an appearance in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter. *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Harris Eugene Urda and Rachel Urda shall file a Motion to Substitute the Complaint with a comprehensive amended Complaint, that contains all of Plaintiffs' allegations, as revised, amended, and/or supplemented, that adequately alleges the citizenship of Plaintiffs and Defendants Valmont Industries, Inc., American Piledriving Equipment, Inc., and New South Access & Environmental Solutions, L.L.C. Plaintiffs shall have fourteen (14) days from this Notice and Order to file the Motion to Substitute. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, November 30, 2018.

                                                 **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**