UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRIS EUGENE URDA
AND RACHEL URDA                                          CIVIL ACTION

VERSUS                                                   NO. 18-1044-JWD-EWD

VALMONT INDUSTRIES, INC.,
ET AL.

## NOTICE AND ORDER ON MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION AND MOTION TO SUBSTITUTE COMPLAINT OF INTERVENTION

Before the Court is a Motion for Leave to File Complaint of Intervention (the "Motion for Leave")[1] and a Motion to Substitute Complaint of Intervention (the "Motion to Substitute")[2] filed by Travelers Property Casualty Company of America ("Travelers") and Aldridge Electric, Inc. ("Aldridge") (collectively, "Proposed Intervenors"), which were referred to the undersigned. There are no oppositions to the Motions in the record and Proposed Intervenors contend in the Motion to Substitute that no party opposes their intervention in this proceeding.[3]

For the reasons that follow, by no later than June 7, 2019, Aldridge, (and any other party who so wishes), shall file a supplemental brief addressing: (1) whether Aldridge is a required party to this litigation under Fed. R. Civ. P. 19(a) or (b) in its capacity as a Proposed Intervenor, and (2) if Aldridge is a required party to this litigation pursuant to Fed. R. Civ. P. 19(b), whether this suit

---

[1] R. Doc. 45.
[2] R. Doc. 51.
[3] Proposed intervenors filed their Motion for Leave on March 14, 2019. R. Doc. 45. Pursuant to LR 7(f), any opposition to the Motion for Leave was due within twenty-one days, or by April 4, 2019. On April 3, 2019, Proposed Intervenors were ordered to file a motion to substitute their proposed Complaint for Intervention with a comprehensive amended pleading that adequately alleged their citizenship because the proposed Complaint for Intervention was deficient in that regard. Proposed Intervenors were also ordered to provide the required LR 7(e) certificate stating whether any party opposed their intervention. *See* R. Docs. 45-2 and 49. Accordingly and pursuant to the Court's Order, on April 25, 2019, Proposed Intervenors filed the Motion to Substitute with an amended Complaint of Intervention. Those pleadings adequately alleged citizenship and certified that there was no opposition to the proposed intervention. R. Doc. 51, p. 1 and R. Doc. 51-2, p. 1, introductory paragraph.

should be dismissed for lack of subject matter jurisdiction. Aldridge attach all applicable worker's compensation insurance policies issued by Travelers that have bearing on this matter to its supplemental brief. Since Aldridge is currently a third party defendant[4] in this proceeding, Aldridge shall also brief the potential applicability of Fed. R. Civ. P. 13 in connection with its claims for recovery of worker's compensation insurance benefits paid to Plaintiff.

## I. Background

Plaintiffs Harris Eugene Urda ("Harris") and Rachel Urda ("Rachel") (collectively, "Plaintiffs") seek damages for injuries allegedly sustained by Harris on January 4, 2018, at a construction site in Plaquemine, Louisiana, when Harris and the crane he was operating were struck by a falling utility power pole.[5] Plaintiff alleges that he was in the course and scope of his employment with Aldridge when the accident occurred.[6] Per their Amended and Supplemental Complaint ("Complaint"), Plaintiffs name Valmont Industries, Inc. ("Valmont"), American Piledriving Equipment, Inc. ("American"), and New South Access & Environmental Solutions, L.L.C. ("New South") as Defendants, and allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[7] Plaintiffs, Louisiana domiciliaries, assert that complete diversity of citizenship exists with respect to Defendants, as Valmont is a citizen of Delaware (place of incorporation) and Nebraska (principal place of business), American is a citizen of Washington (place of incorporation and principal place of business), and New South is a citizen of Mississippi (domicile of ultimate underlying member).[8] Plaintiffs also clearly stated that their damages exceed $75,000, which satisfied the amount in controversy requirement.[9]

---

[4] R. Doc. 37.
[5] R. Doc. 1, ¶ 8.
[6] R. Doc. 1, ¶ 8.
[7] R. Doc. 1, ¶ 6.
[8] R. Doc. 1, ¶¶ 2-5.
[9] R. Doc. 1, ¶ 6.

On March 6, 2019, American filed a Third Party Complaint against Aldridge pursuant to Fed. R. Civ. P. 14(a), wherein American asserted that American and Aldridge were parties to a Rental Agreement in connection with Aldridge's rental of a "vibratory hammer" from American for use at Aldridge's construction site. American asserted that, under the Rental Agreement, Aldridge assumed responsibility for all causes or hazards of loss related to the hammer and was "obligated to defend, indemnify, and hold [American] harmless from any claims, complaints, lawsuits, arbitration litigation, damages, losses…..of any kind which relates to, arises out of, or is alleged to relate to or arise out of the [hammer]."[10] American further alleged that, despite that American provided an operation/maintenance manual outlining the rules of operation and safety for its equipment, Aldridge failed to follow the safety instructions, which led to Harris's injuries.[11] American asserted that this Court has diversity jurisdiction over the Third Party Complaint because American, alleged to be a Washington corporation with a Washington principal place of business, is diverse from Aldridge, alleged to be a Delaware corporation with an Illinois principal place of business. American also asserted that the amount in controversy was in excess of $75,000 as a result of: (1) Plaintiffs' damages against American for which Aldridge owed indemnity to American, (2) American's defense costs, and (3) American's damages for Aldridge's breach of the Rental Agreement, including attorney's fees and court costs.[12] Alternatively, American claimed that this Court has supplemental jurisdiction over the Third Party Complaint pursuant to 28 U.S.C. §1367, because American's "claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[13] The Third Party Demand was allowed to proceed because it appeared that

---

[10] R. Doc. 37, ¶¶ 10, 12.
[11] R. Doc. 37, ¶¶ 14-16.
[12] R. Doc. 37, ¶¶ 4-5, 19-32.
[13] R. Doc. 37, ¶ 6.

Aldridge was diverse from Plaintiffs and the joinder of Aldridge as a Third Party Defendant did not destroy diversity.

On March 14, 2019, Travelers and Aldridge filed the instant Motion for Leave to intervene in these proceedings.[14] Per their proposed Complaint for Intervention, Proposed Intervenors alleged that Harris was in the course and scope of his employment with Aldridge at the time of the accident, Aldridge had a worker's compensation policy (the "Policy") through Travelers, and as of the date of the Motion for Leave, Proposed Intervenors "have paid weekly indemnity benefits of $44,404 and medical benefits of $328,351.08 to and on behalf of Harris Urda."[15] Notably, Aldridge asserted that it had a "significant deductible" under the Policy and Travelers asserted that it "continues to pay benefits beyond the deductible."[16] Proposed Intervenors therefore asserted that, "Under the provisions of LSA-R.S. 23:1101-1103, Intervenors have a statutory right of recovery, reimbursement, credit, and/or offset from the defendants for all workers compensation benefits paid, and to be paid in the future, to the extent any Defendants are found liable for the injuries and damages arising out of the January 4, 2018 accident involving Plaintiff, Harris Urda," and further that, "pursuant to the subrogation rights allowed under the laws of the State of Louisiana, [Proposed Intervenors] are entitled by preference and priority to the recovery of benefits paid, and/or a set-off for the total amount of compensation and medical benefits paid, as well as any amounts which may be due in the future."[17]

Because subject matter jurisdiction was premised on 28 U.S.C. § 1332, the Court was required to consider whether permitting the intervention "would be inconsistent with the

---

[14] R. Doc. 45.
[15] R. Doc. 45-2, ¶¶ 2-4. *See also* the Motion for Leave at R. Doc. 45, ¶¶ 1-4.
[16] R. Doc. 45-2, ¶ 3.
[17] R. Doc. 45-2, ¶¶ 6, 8.

4

jurisdictional requirements of section 1332,"[18] particularly because Proposed Intervenors would be aligned with Plaintiffs, not Defendants (*see* the discussion below). In the Motion for Leave, however, Travelers and Aldridge failed to properly allege their citizenships.[19] Accordingly, on April 3, 2019, Proposed Intervenors were ordered to file a Motion to Substitute their proposed Complaint of Intervention with a pleading that adequately alleged their respective citizenships and to indicate whether any party opposed the intervention.[20] On April 25, 2019, Proposed Intervenors filed their Motion to Substitute, wherein they stated that no party opposed the intervention and attached a proposed Complaint of Intervention that stated as follows: "ALDRIDGE ELECTRIC, INC. ("ALDRIDGE'), a Delaware corporation with its principal place of business in Libertyville, Illinois…and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS"), a Connecticut corporation with its principal place of business in Hartford, Connecticut…."[21] This Notice and Order is issued to address the lack of diversity between Aldridge as a Proposed Intervenor and Defendant Valmont.

## II. Law and Analysis

*Legal Standards*

Fed. R. Civ. P. 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[18] 28 U.S.C. § 1367(b).
[19] Travelers was alleged to be "a foreign insurer domiciled in Hartford, Connecticut, but authorized to do, and doing business, in the State of Louisiana," and Aldridge was alleged to be "a company domiciled in Illinois but authorized to do, and doing business in the State of Louisiana." R. Docs. 45 and 45-2, introductory paragraphs.
[20] R. Doc. 49.
[21] R. Doc. 51-2, p. 1, introductory paragraph.

5

Pursuant to 28 U.S.C. § 1367(b), "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332…the district courts shall not have supplemental jurisdiction…over claims by persons…seeking to intervene as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

*Aldridge as a Required Party*

Aldridge has asserted statutory rights to recovery as an employer who paid worker's compensation benefits to Harris.[22] District courts in Louisiana have previously found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See Grizer v. CF Industries, Inc. et al*, *citing Fulford v. Climbtek, Inc.*, ("Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).");[23] *Youngblood v. Rain CII Carbon, LLC*, (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).[24]

Thus, Aldridge appears to be an intervenor of right pursuant to Fed. R. Civ. P. 24(a). However, Aldridge, who would be aligned with Plaintiffs on its Complaint for Intervention,[25] is

---

[22] R. Doc. 51-2, ¶¶ 6-8.
[23] No. 16-145, 2017 WL 2608860 (M.D. La. May 25, 2017), *citing* No. 16-16, 2016 WL 7173780, at *5 (M.D. La. Dec. 8, 2016).
[24] No. 12-287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014).
[25] *See Grizer*, 2017 WL 2608860 at *5 (collecting cases regarding the proper alignment of intervenors and holding that a worker's compensation insurer was properly aligned with the plaintiff because both would seek to maximize recovery against the defendants).

not diverse from Defendant Valmont, because both were incorporated in Delaware.[26] Therefore, if Aldridge is allowed to intervene herein as Plaintiff, its intervention would destroy diversity. *See Dushane v. Gallagher Kaiser Corp.*, ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word.").[27] Moreover, pursuant to 28 U.S.C. § 1367(b), this Court cannot exercise supplemental jurisdiction over Aldridge's claim because it would be inconsistent with the jurisdictional requirements of section 1332. ("[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332…the district courts shall not have supplemental jurisdiction…over claims by persons proposed to be joined as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.").

Because it appears that Aldridge is an intervenor of right in this matter, but Aldridge's intervention will destroy this Court's subject matter jurisdiction, the undersigned will consider, in conjunction with the Motion for Leave to File Complaint of Intervention, "whether the court should proceed without one who should be joined but who cannot because their joinder would defeat jurisdiction" based on the considerations set forth in Fed. R. Civ. P. 19(b). *See Brown v. Sullair, LLC*, ("When considering a request to intervene pursuant to Rule 24, we must also consider

---

[26] *See* R. Doc. 51-2, p. 1 and R. Doc. 1, ¶ 3.
[27] No. 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005).

7

the ramification of Rule 19 joinder issues to balance the interests of the parties and non-parties to a suit. The propriety of the joinder may be raised *sua sponte*.");[28] *Johnson v. Qualawash Holdings, LLC*, ("[W]here a non-diverse potential intervenor is entitled to intervene as of right under Rule 24(a)(2), a court must consider whether the non-party is required under Rule 19; if that non-party is required, and the litigation may not proceed in that party's absence, the litigation must be dismissed for lack of complete diversity. Thus, the crucial inquiry is whether [proposed intervenor] is a required party under Rule 19(b).").[29] *See also Youngblood* (although plaintiff's employer was a non-diverse intervenor of right under Fed. R. Civ. P. 24(a), court allowed suit to proceed without employer's intervention where workers' compensation insurer was permitted to intervene and employer's "right to reimbursement [was] protected under the terms of its contract" with the insurer.").[30] Aldridge is ordered to file a supplemental brief addressing the issues discussed above and shall attach all worker's compensation insurance policies issued by Travelers that are applicable to this matter.

*Aldridge as a Third Party Defendant*

As previously mentioned, Aldridge was named a third party defendant prior to seeking leave to intervene. In its supplemental briefing, Aldridge is ordered to address the potential application of Fed. R. Civ. P. 13,[31] [32] if any, on its claims for reimbursement of worker's compensation benefits paid to Harris.

---

[28] No. 13-2388, 2015 WL 9261354, at *2 (W.D. La. Nov. 17, 2015) (*citing Pickle v. International Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir. 1986)).
[29] No. 12-885, 990 F.Supp.2d 629, 637 (W.D. La. Jan. 6, 2014).
[30] 2014 WL 2547588 at *5.
[31] Fed. R. Civ. P. 13 provides: "(a) Compulsory Counterclaim. (1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."
[32] *See also* Fed. R. Civ. P. 14, which provides, in pertinent part: "(2) *Third-Party Defendant's Claims and Defenses*. The person served with the summons and third-party complaint--the "third-party defendant": (A) must assert any defense against the third-party plaintiff's claim under Rule 12; (B) must assert any counterclaim against the third-party plaintiff under Rule 13(a), and may assert any counterclaim against the third-party plaintiff under Rule 13(b) or

8

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that, by no later than June 7, 2019, third party defendant and Proposed Intervenor Aldridge Electric, Inc., (and any other party who so wishes), shall file a supplemental brief addressing: (1) whether Aldridge is a required party to this litigation under Fed. R. Civ. P. 19(a) or (b) in its capacity as a Proposed Intervenor, and (2) if Aldridge is a required party to this litigation pursuant to Fed. R. Civ. P. 19(b), whether this suit should be dismissed for lack of subject matter jurisdiction. Aldridge shall attach copies of all applicable worker's compensation insurance policies issued by Travelers that have bearing on this matter.

**IT IS FURTHER ORDERED** that, since Aldridge is currently a third party defendant[33] in this proceeding, Aldridge shall also address the potential applicability of Fed. R. Civ. P. 13 in connection with its claims for recovery of worker's compensation insurance benefits paid to Plaintiff Harris Urda.

Signed in Baton Rouge, Louisiana, May 20, 2019.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

any crossclaim against another third-party defendant under Rule 13(g)…(4) *Motion to Strike, Sever, or Try Separately.* Any party may move to strike the third-party claim, to sever it, or to try it separately."
[33] R. Doc. 37.