UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HARRUS EUGENE URDA, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 18-1044-JWD-SDJ**

**VALMONT INDUSTRIES, INC., et al.**

## ORDER

Defendant, American Piledriving Equipment, Inc. (A.P.E.), filed a Motion to Compel discovery responses from Travelers Property Casualty Company of America (Travelers), on October 30, 2020 (R. Doc. 99). According to the Motion, Travelers had until October 19, 2020, to respond to A.P.E.'s requests for production but failed to meet its deadline. (R. Doc. 99-1 at 2).

Finding itself without discovery responses and an October 30, 2020 discovery deadline fast approaching, A.P.E. emailed counsel for Travelers on October 27, 2020, to set a Rule 37(a)(1) conference. (R. Doc. 99-4 at 1). In response, counsel for Travelers explained that they had just received the requested documents from Travelers and would provide responses as soon as counsel completed her review. (R. Doc. 99-4 at 1). The following day, on October 28, 2020, Hurricane Zeta made landfall in Louisiana, wiping out power to thousands of residents. The parties held their Rule 37(a)(1) conference on October 29, 2020, during which Travelers' counsel relayed that they were currently "without power and internet" following Hurricane Zeta "but that they would continue to work towards producing their responsive documents." (R. Doc. 99-1 at 3).

While it appears that A.P.E. understood the delay, it nonetheless filed the instant Motion to Compel given the October 30, 2020 discovery deadline and its need to "comply with the

requirements of the Court's Scheduling Order and Local Rules." (R. Doc. 99-1 at 3); *see also* (R. Doc. 98 at 1) (requiring discovery motions be filed within the deadline); LR 26(d)(1) ("no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery."). However, A.P.E. goes on to explain that it would also be filing an unopposed Motion to Extend the discovery deadline on October 30, 2020 (R. Doc. 100), but it was "nevertheless filing this Motion out of an abundance of caution." (R. Doc. 99-1 at 3 n.3). In other words, A.P.E. protectively filed this Motion to Compel in the event the discovery deadline was not extended.

The Court has since granted the referenced Motion to Extend, giving the parties until January 15, 2021 to complete fact discovery.

Because A.P.E. represents that it mainly filed its Motion to Compel "out of an abundance of caution"—i.e., to meet the discovery deadline which has since been extended—and Travelers is working to produce the responsive documents, the Court will **DENY** the Motion to Compel **without prejudice**, at this time. This will give A.P.E. an opportunity to review Travelers' responses and determine whether a motion to compel is still needed and, if so, to raise substantive arguments regarding the adequacy of Travelers' production.

To be clear, if Travelers does not respond within a time agreed on by the parties,[1] or if they produce inadequate responses, A.P.E. may re-file its Motion to Compel. The Court notes however that if A.P.E. re-files its Motion because it considers the responses inadequate, it must first confer with Travelers, making a good faith effort to resolve any issues without Court intervention.

---

[1] The Motion to Compel does not indicate whether the parties agreed on an extended time for Travelers to provide its responses or whether Travelers promised to produce responses by a certain date.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**